D. a supervised release term of at least 4 years up to a maximum of life;

E. a mandatory special assessment of $100;

F. the assessment to the defendant of the costs of prosecution, imprisonment, and supervision; and

G. denial of all federal benefits to the defendant for up to five years after such conviction for a first offense (ten years for a second offense).

3. Revocation of Supervised Release. The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

4. In exchange for the defendant's plea of guilty to Count 1, and his agreement to cooperate as set forth in paragraph 5, the government agrees to move to dismiss Counts 3 and 4 of the Indictment as to this defendant at the time of sentencing. The government also agrees to recommend that the defendant receive a 3-level reduction for acceptance of responsibility provided that he (1) testifies truthfully during the change of plea hearing, (2) participates truthfully with the Probation Office in the presentence investigation and (3) continues to abide by all conditions of pretrial detention.

5. Cooperation. The defendant has agreed to cooperate with law enforcement authorities in the prosecution of his co-

defendants, and in the investigation and prosecution of other suspects. This cooperation includes, but is not limited to, being interviewed by law enforcement agents, submitting to a polygraph examination if the government deems it appropriate, and testifying truthfully at any trial or other proceeding involving his co-defendants and other suspects. If the defendant cooperates fully and truthfully as required by this agreement and thereby renders substantial assistance to the government, the government will, at the time of sentencing, move for a downward departure pursuant to Guideline Section 5K1.1. The government will not move for a downward departure pursuant to 18 U.S.C. § 3553(e). Accordingly, **the 5-year mandatory minimum penalty will remain in effect.** The government also agrees to make the full extent of the defendant's cooperation known to the Court. The defendant understands that the government, not the Court, will decide whether the defendant has rendered substantial assistance. The government will exercise its discretion in good faith. The defendant also understands that there is no guarantee the Court will grant any such motion for a downward departure, and that the amount of any downward departure is within the Court's discretion. In the event the government does not make or the Court does not grant such a motion, the defendant may not withdraw his plea based upon that ground. Finally, the defendant understands that the government is not required to accept any tendered cooperation on the defendant's part. If the