government, in its sole discretion, chooses not to accept tendered cooperation, the defendant will not receive a sentence reduction for such tendered cooperation and will not be allowed to withdraw from the plea agreement based upon that ground.

GUIDELINE FACTORS

6. The defendant understands that he will be sentenced in accordance with the applicable United States Sentencing Guidelines. The parties have stipulated to the following sentencing factors. The parties' stipulations are binding on them but are not binding upon the Court. If the Court determines the sentencing factors to be different from those set forth below, the defendant shall not be entitled to withdraw from the plea agreement.

7. Base Offense Level. The base offense level for the amount of marijuana and methamphetamine stipulated to as relevant conduct for purposes of this plea agreement ordinarily would be level 32. Guideline Section 2D1.1 (Drug Quantity Table). However, the government's position is that the defendant is a career offender. If so, his base offense level becomes level 34. Guideline Section 4B1.1(B). The defendant reserves his right to challenge career offender status.

8. Specific Offense Characteristics. The parties agree that none of the specific offense characteristics listed under Guideline Section 2D1.1(b) is applicable in this case.

9. Adjustments. The parties agree that none of the adjustments set forth in Guideline Sections 3A1.1 through 3C1.2 is applicable in this case.

10. Acceptance of Responsibility. The government will recommend a 3-level reduction for acceptance of responsibility under the conditions set forth in paragraph 4.

11. Criminal History Category. Assuming the defendant is a career offender, his criminal history category is deemed to be VI. If he is not a career offender, the parties believe his criminal history category would be V.

12. Guideline Range. Assuming an offense level of 31 (base 34 - 3 acceptance of responsibility) and a criminal history category of VI, the resulting guideline range is 188-235 months imprisonment without parole, prior to any possible reduction for substantial assistance. The defendant currently is serving an undischarged state term of imprisonment. Pursuant to Guideline Section 5G1.3(c) the defendant reserves his right to request that the federal sentence be made concurrent to the undischarged state sentence, and the Court will decide the issue.

13. Departures. The parties stipulate that there should not be either an upward departure or a downward departure from the applicable guideline range, except as provided in paragraph 5 regarding substantial assistance.