UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 01-146(2) (PAM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | OPPOSITION OF THE UNITED |
| | ) | STATES TO DEFENDANT |
| v. | ) | NELSON'S MOTION TO |
| | ) | CORRECT CLERICAL ERROR |
| BRUCE ROBERT NELSON, | ) | IN JUDGMENT |
| | ) | |
| Defendant. | ) | |

Defendant Bruce Nelson, through his counsel Deborah Ellis, has filed a motion seeking credit for time he spent in state custody prior to his 2002 sentencing in this case. Although Ms. Ellis would have the Court believe that the denial of credit results from a "clerical error," she knows full well that is not the case. In fact, this same motion for jail credit came before the Court in 2002 and this Court denied it in a written order, which was affirmed by the Eighth Circuit. Incredibly, as shown below Ms. Ellis has actual knowledge of this Court's prior order but not only fails to acknowledge it in her motion, she actually pretends that the denial of jail credit is due to a mere "clerical error."

The facts surrounding the present motion are as follows. Nelson pleaded guilty to conspiracy to distribute methamphetamine and marijuana. On January 14, 2002, this Court sentenced him to 93 months imprisonment. The sentence included a downward departure for substantial assistance from the otherwise applicable guideline range of 188-235 months.

Thereafter, Nelson filed a motion for 210 days of jail credit for time spent in state custody prior to sentencing -- June 18, 2001 to January 14, 2002. In an order dated April 24, 2002, this Court denied the motion for jail credit because Nelson was serving a state sentence during the period in question. Attachment 1. As this Court held, Nelson "presumably received credit toward his state sentence during the time he was in federal custody." Id. at 1. The Court then applied the familiar rule that a defendant may not receive credit towards more than one sentence for the same period of custody, 18 U.S.C. § 3585(b), and denied the motion. Id. at 2.[1]

The Court's presumption that Nelson received credit towards his state sentence for the 210 days at issue was correct. In connection with Nelson's appeal of the denial of his motion for jail credit, the government obtained documentation from the Minnesota Department of Corrections that Nelson did in fact get credit towards his state sentence for the time period in question. Attachment 2.

In an unpublished decision dated February 3, 2003, the Eighth Circuit affirmed this Court's denial of jail credit on the

---

[1]Case law confirms that a defendant may not receive credit toward a federal sentence for time that has been credited toward a state sentence. United States v. Wilson, 503 U.S. 329, 337 (1992); United States v. Kiefer, 20 F.3d 874, 875 n.1 (8th Cir. 1994); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); McIntyre v. United States, 508 F.2d 403, 404 (8th Cir. 1975).

alternative ground advanced by the United States that Nelson had not exhausted his administrative remedies. Attachment 3.

In a letter dated June 2, 2006, Ms. Ellis sent the undersigned prosecutor a letter seeking the prosecutor's help in getting Mr. Nelson jail credit for the period in question. Attachment 4. She did not disclose in that letter that this Court already had denied the motion in 2002. The undersigned then obtained the closed file, reviewed it, and discovered this Court's April 24, 2002 order denying the motion. The undersigned then telephoned Ms. Ellis, informed her of this order, and even faxed a copy of it to her on June 16, 2006. Attachment 5. Thus, although Ms. Ellis was not Nelson's lawyer at the time of sentencing, she had actual knowledge of the order denying the motion for jail credit before filing the instant motion. Her failure to inform the Court that the motion already had been denied four years earlier would seem to violate Rule 3.3 of the Minnesota Rules of Professional Conduct (candor toward the tribunal).

Because the instant motion already has been denied once before, the Court should summarily deny it once again. In the event the Court considers the motion further, the government responds as follows.

In support of his motion, Nelson has submitted the affidavit of his former counsel, Thomas Shiah, who states that he told Nelson prior to sentencing that Shiah "understood that [Nelson] would be

given credit for all this jail time." This statement is vague and ambiguous on at least two levels. First, Mr. Shiah does not even identify the period of jail time that he is talking about. One is left to assume that it is the period identified in Nelson's instant motion. Second, the statement "I advised him that I understood that he would be given credit for all this jail time," is also ambiguous. It could mean that Nelson would be given credit toward his existing state sentence for the time in question, which did in fact happen. It could also be read to mean that Nelson would get credit toward his federal sentence. The sloppiness of the language, combined with the fact that the affidavit is given more than four years after the events in question, with no indication that Mr. Shiah has even reviewed the file in the interim, should cause the Court to discount the affidavit entirely. Even if the affidavit were credited, Mr. Shiah's alleged statements to Nelson still do not entitle Nelson to jail credit where the law forbids it and where the Court already has ruled against Nelson years ago.[2]

Mr. Shiah further states in his affidavit that "I believe this was the intent of both parties at the time of the plea and sentencing." Once again, the basis for this statement, made more than four years after the fact, is not identified. There is

---

[2]Significantly, Mr. Shiah states that he made the comments to Nelson prior to sentencing, not prior to Nelson's guilty plea. Consequently, any incorrect advice about jail credit could not have influenced Nelson's decision to plead guilty.

nothing in the plea agreement or any other written materials to indicate that the government ever agreed or intended that Nelson would get double credit for the time he spent in state custody prior to his federal sentencing. Mr. Shiah's "belief" in this regard is entitled to no weight.[3]

For the foregoing reasons, Nelson's motion should be denied.

Respectfully submitted,

Dated: August 29, 2006

RACHEL K. PAULOSE
United States Attorney

s/Jeffrey S. Paulsen
BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332

[3]The plea agreement does permit Nelson to ask that his federal sentence be made concurrent to the state sentence he was serving. Plea Agreement ¶12. Nelson did so request, and the Court made the sentences concurrent. But that does mean the Court intended to award Nelson credit toward the federal sentence for the time Nelson was in state custody prior to the federal sentencing. The Court's April 24, 2002 Order conclusively shows that the Court did not so intend.