UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America, Crim. File No. 01-146(2) (PAM)

Plaintiff,

v. **ORDER**

Bruce Robert Nelson,

Defendant.

---

This matter is before the Court on Defendant Bruce Robert Nelson's Motion for Jail Credit. Defendant contends that he should receive 210 days of credit for time spent in federal custody prior to sentencing.

Although the usual rule is that criminal defendants should receive credit for time spent in official detention prior to sentencing, 18 U.S.C. § 3583(b), the rule does not apply to Defendant in this case. Defendant was arrested in March 2001. Because at the time of his arrest Defendant was participating in a program for state offenders and had been released early from a previous state sentence in order to participate in that program, upon his arrest Defendant was committed to the custody of the state of Minnesota and immediately began serving the remaining time on his previous sentence. In June 2001, this Court issued a writ of habeas corpus for Defendant, essentially "borrowing" Defendant from the state until sentence could be imposed on the instant offense. Defendant presumably received credit toward his state sentence during the time he was in federal custody. Thus, Defendant may

FILED ____________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____________
DEPUTY CLERK ____________

Att. 1

not also receive credit for that time against his federal sentence. See 18 U.S.C. § 3583(b) (defendant shall be given credit for time spent in official detention if that time "has not been credited against another sentence").

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Jail Credit (Clerk Doc. No. 113) is **DENIED**.

Dated: April 24, 2002

Paul A. Magnuson
United States District Court Judge

*State of Minnesota*
Minnesota Department of Corrections

October 28, 2002

Susanna Braun
Law Clerk
U.S. District Court (Sic - U.S. Atty's Office)

Re: Incarceration dates for Bruce Robert Nelson DOB: [redacted]

Dear Ms. Braun:

Bruce Robert Nelson was sentenced on 6/24/96 in Freeborn County to 140 months for aiding and abetting possession with intent to sell heroin. He was serving this sentence while in custody in the Hennepin County Jail between 6/18/01 and 1/23/02. This time was credited to his state sentence. He will be placed on supervised release on 1/11/05. His sentence will be discharged and civil rights will be restored on 1/7/07. Feel free to contact me at (651) 642-0322 if you have additional questions.

Sincerely,

Kevin Kirch

Records Management

*1450 Energy Park Drive, Suite 200 • St. Paul, Minnesota 55108-5219*
*Phone 651/642-0200 • TDD 651/643-3589*

Att. 2

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Eight Circuit Rule 28A(i). (FIND CTA8 Rule 28A.)

United States Court of Appeals,
Eighth Circuit.
UNITED STATES of America, Appellee,
v.
**Bruce Robert NELSON**, Appellant.
No. 02-2821.

Submitted Jan. 24, 2003.
Decided Feb. 3, 2003.

Appeal from the United States District Court for the District of Minnesota.

Before BYE, FAGG, and RILEY, Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Bruce Robert Nelson, an inmate now in the custody of the State of Minnesota, pleaded guilty to a federal charge of conspiring to distribute methamphetamine and marijuana. In January 2002, the federal district court sentenced Nelson to 93 months imprisonment, to run concurrently with his state sentence. Nelson later filed a motion asking the district court to credit his federal sentence for 210 days he spent in federal custody between June 2001 and January. The district court denied the motion, stating Nelson could not receive this credit against his federal sentence because he presumably received the credit towards his state sentence.

On appeal, Nelson contends he was entitled to the jail credit and, in the alternative, he should be allowed to pursue the case "administratively." The government has moved to supplement the appellate record with sentence-computation documents and asserts that Nelson failed to exhaust his administrative remedies with the Bureau of Prison (BOP). We grant the government's motion and, having carefully reviewed the record, affirm the district court.

The district court did not commit error in denying the jail-credit motion, because Nelson tacitly concedes he did not first exhaust his administrative remedies. *See United States v. Chappel,* 208 F.3d 1069, 1069 (8th Cir.2000) (per curiam). Nevertheless, we modify the district court's order to be without prejudice so Nelson, after exhausting his BOP remedies, has the opportunity to pursue his claim for jail credit. *See id.* at 1069-70.

A true copy.

55 Fed.Appx. 401

Briefs and Other Related Documents (Back to top)

. 2002 WL 32104093 (Appellate Brief) Brief of Appellee (Oct. 29, 2002)

. 02-2821 (Docket) (Jul. 16, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Att. 3

DEBORAH ELLIS
LAWYER
700 SAINT PAUL BUILDING
6 SIX WEST FIFTH STREET
SAINT PAUL, MINNESOTA 55102
debellismn@aol.com

DEBORAH ELLIS*

OF COUNSEL
KATE LATIMER

*ALSO ADMITTED IN WISCONSIN

TELEPHONE (651) 297-6400
FAX (651) 293-0993

JANNA BAUER
LEGAL ASSISTANT

June 2, 2006

Jeffrey Paulsen **by mail and facsimile 612-664-5787**
Assistant United States Attorney
U.S. Courthouse
Room 600
Minneapolis, MN 55416

**United States v. Bruce Nelson**
**Cr. 01-146 (2) PAM**

Dear Mr. Paulsen:

I am seeking to get Mr. Nelson the credit for 210 days of jail credit because it was not specifically ordered at the time that Judge Magnuson imposed sentence on Mr. Nelson in January 2002. Enclosed is a copy of the Judgment ordering concurrent sentencing. Also enclosed is a copy of Mr. Shiah's affidavit expressing his understanding that the time when Mr. Nelson was in the Anoka County jail awaiting sentencing would be credited to his federal sentence. It was not. According to Mr. Nelson's case worker, if the court orders credit for the 210 days (which we believe he was to have received earlier) they will honor that order. Could you kindly get back to me in this regard at your earliest convenience. Thanks in advance for your consideration in this regard.

Very truly yours,

Deborah Ellis

cc: Bruce Nelson

Att. 4

MESSAGE CONFIRMATION JUN-16-2006 09:14 AM FRI

FAX NUMBER :
NAME :

| | | |
|---|---|---|
| NAME/NUMBER | : | 96512930993 |
| PAGE | : | 3 |
| START TIME | : | JUN-16-2006 09:13AM FRI |
| ELAPSED TIME | : | 01'12" |
| MODE | : | STD ECM |
| RESULTS | : | [ O.K ] |

---

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES ATTORNEY**
**DISTRICT OF MINNESOTA**

600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Office (612) 664-5600

FAX
Admin/Civil (612) 664-5788
Main (612) 664-5787
Sensitive/Secure (612) 904-0850

The information contained in this facsimile message is intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone.

## FAX TRANSMITTAL COVER PAGE

Original will not follow

DATE: June 16, 2006 Fax #: 651-293-0993

TO: Deborah Ellis, Esq.

FROM: Jeffrey S. Paulsen, AUSA

NUMBER OF PAGES (including cover): 3

CONTENTS: Bruce Robert Nelson Order

If you do not receive the total number of pages indicated, please call this office at the telephone number listed above.

COMMENTS:

Att. 5