UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CR. NO. 01-146 (2) PAM

| | |
|---|---|
| United States of America, | ) |
| | ) |
| plaintiff, | ) |
| v. | ) |
| | ) |
| Bruce Robert Nelson, | ) |
| | ) |
| defendant. | ) |

* * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION TO CORRECT CLERICAL ERROR IN JUDGMENT**

Defendant, Bruce Robert Nelson, by and through his counsel, Deborah Ellis, submits the following in response to the government's opposition to defendant's motion to correct a judgment of conviction. The government's counsel suggests that the undersigned filed this motion in hopes that the court would not recall or would be un-aware of its previously issued orders regarding jail credit. That is not the case. Counsel was aware of the previously filed order and the Eighth Circuit's un-published decision filed February 3, 2003 (*United States v. Nelson*, 55 Fed. Appx. 401 (8th Cir. 2003). This Court's previous order is part of the docket in this case.

Defendant's current request for jail credit *follows* his efforts through the Bureau of Prisons to obtain the jail credit which he believes was contemplated by this Court at sentencing. In his previous request, defendant essentially urged the Court to direct the

Bureau of Prisons to calculating jail differently than the Bureau had been approaching it, that is, not giving jail credit when an inmate is serving both a state and federal sentence. The Bureau has determined that if an inmate receives jail credit on his/her state sentence, then no credit should be given on a federal sentence.

Notably, the Eighth Circuit, in affirmed Mr. Nelson's last request for jail credit the denial of Mr. Nelson's request for jail credit because he had not "exhaust[ed] his administrative remedies." *United States v. Nelson*, 55 Fed.Appx. 401 (8th Cir. 2003).

Following the Eighth Circuit's ruling in 2003, Mr. Nelson sought to obtain the jail credit through the Bureau of Prisons. He was advised by his caseworker that the only way the Bureau would give him jail credit is if the Judgment In A Criminal Case specifically ordered credit on his federal sentence for a set number of days. That is what is he seeking from the Court at this time, after pursuing a remedy administratively.[1]

Whenever a sentence is imposed concurrent with another sentence, the defendant obtains a benefit of serving two sentences at once. But, the Bureau of Prisons, under its discretionary authority (18 U.S.C. § 3584©), effectively takes away a portion of the concurrent sentence when it declines to give jail credit for a portion of that concurrent sentence.

Despite the government's skepticism regarding Mr. Shiah's recollection regarding

---

[1] Perhaps defendant's motion should have been entitled "Motion to Amend . . . .." instead of Motion to Correct.

conversations with Mr. Nelson in this case,[2] Mr. Shiah confirms the precise understanding that Mr. Nelson had regarding the time he was awaiting federal sentencing.

This Court had discretion to order a concurrent or consecutive sentence with Mr. Nelson's state sentence. *United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001). Indeed under *Mayotte,* the federal district court may order a concurrent federal sentence on a "yet-to-be imposed" state sentence. *Id*. This Court ordered a concurrent sentence with a sentence that Mr. Nelson was already serving. The effect of the Court's order for concurrent time was eviscerated in part by the Bureau of Prisons. The Bureau of Prisons decided that 210 days of Mr. Nelson's sentence was not to be concurrent. Only this Court has the ability to effectuate what appears to have been the Court's clear intent at the time Mr. Nelson was sentenced, i.e., serving two sentences at once.[3] The government's counsel does not dispute that this Court ordered concurrent sentencing[4] but it opposes Mr. Nelson receiving part of the benefit of that sentence.

Mr. Nelson is merely seeking an order which will accomplish what the Court's sentencing order explicitly stated: a concurrent sentence. In *United States v. Wilson*, 503 U.S. 329, 338 (1992), the Supreme Court noted that any dispute between the parties over

---

2 See Opposition of the United States to Defendant Nelson's Motion to Correct Clerical Error in Judgment at pp. 3-4.

3 "Concurrent" is defined as running parallel and operating at the same time. *See* Webster's Seventh New Collegiate Dictionary.

4 See *id.* at p. 5, n.3.

the right to jail credit, " must be resolved by the court." *Id*. Previously, Mr. Nelson was directed to exhaust his administrative remedies and he made that effort to no avail. Thus, Mr. Nelson has turned to this Court after fully exploring and exhausting his efforts through the Bureau of Prisons and its representatives.

Mr. Nelson and his counsel, Thomas Shiah, were unaware that a request needed to be made for credit for a specific number of days at the time of sentencing because both believed that Mr. Nelson was in federal custody the entire time he was at the Anoka County Jail awaiting sentencing before this Court. Because he was not transferred back to Faribault Correctional Facility after his guilty plea was entered, Mr. Nelson reasonably assumed that federal authorities were his primary custodian and thus his incarceration time from June 2001 through January 14, 2002 would have been credited on his federal sentence[5]. If the state authorities remained the primary custodian over Mr. Nelson between June 2001 and January 2002, neither he nor his counsel were aware of that situation. Jail credit should not depend upon the status of the defendant as determined by state and federal correctional officials. By all appearances, Mr. Nelson was in federal custody when taken by the federal marshal, pursuant to writ to appear in federal court. In the interests of justice, he should be given jail credit against his federal sentence for that time he was outside the state correctional facility from which he was brought by writ.

---

[5] See Dk # 9, Writ of Habeas Corpus Ad Prosequendum issued for Mr. Nelson June 15, 2001. Mr. Nelson entered a guilty plea to conspiracy to distribute methamphetamine and marijuana on August 31, 2001.

According to 18 U.S.C. § 3585(b)(1), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, (1) as a result of the offense for which the sentence was imposed. . .." Mr. Nelson was in "official detention" of the federal authorities by all outward appearances and he should be given credit for that custody time against his federal sentence.

An order "Amending" or "Correcting" the original Judgment in A Criminal Case to include jail credit for 210 days is not contradictory to this Court's previous order denying Mr. Nelson's request. This motion for an amendment or correction to the Judgment is brought in good faith and without intent to deceive or mislead the court. [6] Defendant urges this Court to grant him the relief he seeks.

Dated: September 6, 2006

Respectfully submitted,

*s/ Deborah Ellis*
Deborah Ellis
Atty. Reg. No. 14616X
700 Saint Paul Building
Six West Fifth Street
Saint Paul, MN 55102
651-297-6400

[6] See Opposition of the United States to Defendant Nelson's Motion to Correct Clerical Error in Judgment at p. 3.