UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 01-146(2) (PAM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE ROBERT NELSON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | SUPPLEMENTAL OPPOSITION OF THE UNITED STATES TO DEFENDANT NELSON'S MOTION TO CORRECT CLERICAL ERROR IN JUDGMENT |

In her response to the government's opposition to Nelson's motion for 210 days of jail credit, Nelson's counsel claims she was not trying to "deceive or mislead the Court" by failing to inform the Court that she knew the motion already had been denied four years earlier. Nelson Response at 5. She seems to argue that it is all right for her to file the same motion a second time -- without disclosing the first adverse ruling -- because Nelson has exhausted his administrative remedies in the interim. As counsel states, "Mr. Nelson was directed to exhaust his administrative remedies . . . [and] has turned to this Court after <u>fully exploring and exhausting his efforts through the Bureau of Prisons and its representatives</u>." Response at 4. (Emphasis added).

Unfortunately, despite her assurances of good faith, counsel has once again tried to mislead and deceive the Court. In fact, Nelson has never even filed an administrative remedy request pertaining to this issue, let alone exhausted his administrative remedies. Declaration of Kara Christenson at ¶6. It thus appears

that counsel invented this claim of exhaustion in order to somehow excuse or justify her previous lack of candor to the Court, thus proving the truth of Sir Walter Scott's lament, "Oh what a tangled web we weave when first we practice to deceive."

Compounding the duplicity, counsel continues to insist that 210 days of jail credit is warranted, but fails to cite a single authority that actually supports that claim, and does not address the four contrary cases cited in the government's opposition. Instead, counsel quotes a portion of 18 U.S.C. § 3585(b)(1) as follows: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, (1) as a result of the offense for which the sentence was imposed . . . ." Counsel conveniently omits the end of this sentence which provides, "that has not been credited against another sentence." (Emphasis added). Because the 210 days at issue was credited against Nelson's state sentence, he is not entitled to double credit toward his federal sentence and counsel's deceptive editing of the law cannot change that.

Respectfully submitted,

Dated: September 11, 2006

RACHEL K. PAULOSE
United States Attorney

s/Jeffrey S. Paulsen
BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332