UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America, Crim. No. 01-146(2) (PAM)

Plaintiff,

v. **ORDER**

Bruce Robert Nelson,

Defendant.

---

This matter is before the Court on Defendant's Motion to Correct Clerical Error in Judgment. For the reasons that follow, the Court denies the Motion.

On August 31, 2001, Defendant pled guilty to conspiracy to distribute methamphetamine and marijuana. On January 14, 2002, the Court sentenced Defendant to ninety-three months imprisonment. Thereafter, Defendant filed a motion for credit on 210 days he served in state custody prior to sentencing. In analyzing the motion, the Court noted that Defendant was serving a state sentence during the period in question, and that Defendant likely received credit toward his state sentence for the time he was in federal custody.[1] (Apr. 24, 2002 Order at 1.) Because Defendant could not receive credit toward more than one sentence for the same period in custody, see 18 U.S.C. § 3585(b), the Court denied the motion.

---

[1] In response to the instant Motion, the Government submitted evidence that Defendant indeed received credit towards his state sentence for the period in question.

Defendant thereafter appealed. The Eighth Circuit Court of Appeals affirmed, but on the ground that Defendant had not exhausted his administrative remedies. United States v. Nelson, 55 Fed. App'x 401, 401 (8th Cir. 2003). The Court of Appeals therefore modified the denial of the motion without prejudice so that Defendant could pursue the credit claim after he exhausted his administrative remedies. Id.; see also United States v. Wilson, 503 U.S. 329, 335 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.") (internal citations omitted). In the present Motion, Defendant contends that he has now exhausted his administrative remedies and asks the Court to modify his sentence so that he may receive the 210-day credit.

The Court denies the Motion on both procedural and substantive grounds. First, the Government has produced undisputed evidence that Defendant has not sought administrative review of request for relief. (See Christenson Decl. ¶ 6.) Second, even if Defendant had exhausted his administrative remedies, the Court's prior analysis is still on point. A defendant may not receive credit toward a federal sentence for time that has been credited toward a state sentence. 18 U.S.C. § 3585(b); Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); United States v. Kiefer, 20 F.3d 874, 875 n.1 (8th Cir. 1994). Because Defendant already received credit toward his state sentence, and because he cannot receive credit toward more than one sentence for the same period in custody, Defendant's Motion fails on the merits. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Correct Clerical

Error in Judgment (Docket No. 146) is **DENIED**.

Dated: September 16, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge